UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 10-373-JBC**

**JAMES J. ROGERS, ET AL.,** **PLAINTIFFS,**

**V.** **MEMORANDUM OPINION AND ORDER**

**SHERIFF NELSON O'DONNELL, ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the Madison County defendants' motion for summary judgment. R. 64. For the reasons explained below, the motion will be granted in part and denied in part.

The plaintiffs accuse the Madison County defendants (Sheriff Nelson O'Donnell, individually and in his official capacity as Madison County Sheriff; the Madison County Sheriff's Department; Scotty Anderson, individually and in his official capacity as Sergeant with the Madison County Sheriff's Department; and Steve King, individually and in his official capacity as a detective with the Madison County Sheriff's Department) of various federal and state torts related to the investigation and prosecution of alleged crimes stemming from a 2009 sexual encounter involving the plaintiffs and April McQueen. The plaintiffs were acquitted of all charges but in the aftermath of the proceedings plaintiff Rogers and Murphy were terminated from the Richmond Police Department and plaintiff Hensley claims

1

to have been forced to resign.  The plaintiffs' claims against the defendants include malicious prosecution, abuse of criminal process, violation of privacy rights, public disclosure of private facts, defamation, false light, conspiracy to violate civil rights, failure to supervise, negligent hiring, and outrage.

**Federal claims**

The plaintiffs and the Madison County defendants both assert that the defendants' motion should be granted as to the federal claims.  But their conclusions appear to be substantially based on a misguided interpretation of the court's order granting the Smith defendants' motion for summary judgment (R.50).  In that order the court held that the plaintiffs "have not alleged a constitutional injury warranting §1983 relief."  Both the plaintiffs and the Madison County defendants have concluded that this determination is "the law of the case" to be applied universally to all defendants.  But that conclusion is incorrect.

The court's determination that the plaintiffs had alleged no constitutional injury caused by the Smith defendants does not necessarily mean that the plaintiffs have alleged no constitutional injury caused by any defendant.  The court's consideration of the Smith defendants' motion for summary judgment was based on the facts of the case as they applied to the Smith defendants.

Because both sides appear to have been operating under mistaken assumptions regarding the applicability of a previous order, the court will deny the defendants' motion for summary judgment as to the federal claims but will provide

an opportunity for the parties to re-brief the issue in a supplemental motion for summary judgment and a response.

**State claims**

Summary judgment will be granted as to the defendants in their official capacity and as to the Madison County Sheriff's Department because each is entitled to sovereign immunity, which "bars state-law actions against county governments." *Doe v. Magoffin County Fiscal Court*, 174 Fed. Appx. 962, 971 (6th Cir. 2006), *Citing Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003). "Under Kentucky law, an officer sued in his official capacity receives the same kind of immunity that protects the state or governmental agency for which he or she works." *Id*. (quoting *Yanero v. Davis*, 65 S.W.3d 510, 521-22 (Ky. 2002)).

As to the remaining state claims, the defendants assert that they meet the requirements for qualified immunity. However, genuine disputes as to material fact remain, and summary judgment will be denied as to the state claims against the Madison County defendants in their individual capacities.

Qualified official immunity applies to the negligent performance by a public officer or employee of discretionary acts or functions; in good faith; within the scope of the employee's authority. *Yanero v. Davis*, 65 S.W.3d at 510. The plaintiffs do not attempt to refute the defendants' immunity claim by applying the facts of the case to the test for qualified immunity. Instead, the plaintiffs contend that "the question of qualified immunity for [the] Plaintiff[s]' state law claims are

too complex to be decided at this stage in the litigation."

The closest that either side comes to an analysis of the subject is the defendants' contention that "because they have not committed a constitutional violation they have acted in good faith pursuant to the state qualified immunity analysis." But this conclusion is misguided in two ways. First, as discussed above, the question of whether the Madison County defendants have committed a constitutional violation has not yet been answered. Second, the Supreme Court of Kentucky has "held that qualified immunity would be defeated if an official 'knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights *or other injury*. . . .'" *Yanero*, 65 S.W.3d at 523 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 815, (1982) (*emphasis added*). It is possible for a defendant to fail to satisfy the good faith element of the test for qualified immunity even in the absence of a deprivation of constitutional rights. If a defendant had a malicious intention to cause injury, qualified immunity would not apply.

The questions of whether any defendant acted with malicious intent to injure a plaintiff, whether the defendants' actions were made in the scope of employment, and whether they were discretionary have not been adequately addressed by the parties. Because genuine disputes as to material fact concerning the applicability of qualified immunity to the state tort claims against the

defendants in their individual capacities exist, summary judgment is not appropriate under Fed.R.Civ.P. 56 as to those claims. Accordingly,

**IT IS ORDERED** that the Madison County defendants' motion for summary judgment (R.64) is **GRANTED** as to the state claims against the defendants in their official capacities and as to the Madison County Sheriff's Department.

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to the federal claims and as to the state claims against the Madison County defendants in their individual capacities.

**IT IS FURTHER ORDERED** that the Madison County defendants may submit, not later than thirty days from the entry of this order, a supplemental motion for summary judgment that addresses the federal claims. The plaintiffs shall have an opportunity to respond in accordance with local rules.

Signed on January 24, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY