**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**


**CIVIL ACTION NO. 10-373-JBC**

**JAMES J. ROGERS, et al.,**                                                                 **PLAINTIFFS,**

**V.**                                    **MEMORANDUM OPINION AND ORDER**

**SHERIFF NELSON O'DONNELL, et al.,**                                      **DEFENDANTS.**


**\* \* \* \* \* \* \* \* \* \***


Pending before the court is a motion for partial summary judgment by Sheriff

Nelson O'Donnell, individually and in his official capacity as Madison County

Sherriff; the Madison County Sheriff's Department; Scotty Anderson, individually

and in his official capacity as a Sergeant with the Madison County Sheriff's

Department; and Steve King, individually and in his official capacity as a Detective

with the Madison County Sheriff's Department (collectively the "Madison County

defendants").  For reasons explained below, the motion will be granted.

The plaintiffs accuse the Madison County defendants of various federal torts,

including malicious prosecution, abuse of criminal process, violation of privacy

rights, and defamation, related to the investigation and prosecution of alleged

crimes stemming from a 2009 sexual encounter involving the plaintiffs and April

1

McQueen. The plaintiffs were acquitted of all charges, but in the aftermath of the

proceedings plaintiffs Rogers and Murphy were terminated from the Richmond

Police Department and plaintiff Hensley claims to have been forced to resign.

Summary judgment will be granted as to the plaintiffs' malicious prosecution

claims because they have not alleged any facts consistent with a constitutionally

cognizable deprivation of liberty, which is a prerequisite for such a claim. *See Sykes*

*v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010).  The plaintiffs were not

arrested or incarcerated during the criminal proceedings against them.  The Sixth

Circuit has not recognized criminal prosecution as a seizure sufficient to trigger

Constitutional protection.  *See Fisher v. Dodson,* 451 App'x 500, 502 (2011).

Therefore, because the plaintiffs have made no showing that they suffered a

constitutionally recognized deprivation of liberty, their malicious prosecution claim

must fail.

The Sixth Circuit has not specifically determined whether abuse of process is

a cognizable claim pursuant to §1983.  *Voyticky v. Village of Timberlake, Ohio,*

412 F.3d 669, 676 (2005).  But even if it were, the plaintiffs would still need to

show that they suffered a constitutional deprivation or a deprivation of a right

conferred by federal statute, which they have failed to do.  Therefore, this claim

fails as well.

The plaintiffs' defamation claims under §1983 stem from statements

allegedly made by Sheriff O'Donnell to the *Richmond Register* newspaper in

October 2009.  In order to establish that a defamatory statement caused a constitutional deprivation associated with lost employment, the plaintiffs must show that the defamatory statement was made in the course of the termination of the employment by someone with the authority to make the termination decision. *See Hawkins v. R.I. Lottery Comm'n*, 238 F.3d 112 (1st Cir. 2001).  Even if Sheriff O'Donnell's statements to the *Richmond Register* were found to be made around the time of the termination of the plaintiffs' employment, they still would not trigger constitutional protection because O'Donnell did not have the power to terminate the employment of the plaintiffs, as the Richmond Police Department is a separate entity from the Sheriff's Department.

As for the conspiracy to violate constitutional rights, the plaintiffs do not allege any facts consistent with such an allegation, which requires both a conspiracy and "some class-based discriminatory animus behind the conspirators' action." *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (internal quotations omitted).  The plaintiffs make no allegations of any class-based discriminatory animus.  Therefore, these claims fail as well.

The plaintiffs' failure-to-supervise and municipal-liability claims under §1983 require an underlying constitutional violation.  Because the plaintiffs have not demonstrated that their constitutional rights were violated by the Madison County defendants, there can be no liability under a theory of failure to supervise or municipal liability.

3

Finally, the plaintiffs concede that their claim alleging violations of privacy rights under §1983 should be dismissed in accordance with Sixth Circuit precedent. That claim will also be dismissed, leaving the plaintiffs' state claims against the Madison County defendants in their individual capacities as the only remaining claims. Accordingly,

**IT IS ORDERED** that the Madison County defendants' motion for partial summary judgment (R. 74) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

The remaining parties shall meet within 15 days of the date of entry of this order to discuss the settlement of all remaining claims.

Failing such settlement, the parties shall contact Magistrate Judge Robert Wier directly for the purpose of conducting a settlement conference within thirty days of the date of entry of this order (the court having referred the case to Magistrate Judge Wier for settlement by R.59).

If unable to settle, parties shall file a joint proposal of new deadlines and case events, including trial, within 15 days of such settlement conference.

Signed on May 18, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY